IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SADI LEMUS LEMUS, on behalf of himself and all others similarly situated | : | CIVIL ACTION |
| | : | |
| | : | NO. _____ |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| POTAMOULA, INC. (d/b/a "Oregon Diner") | : | |
| | : | |
| Defendant. | : | |
| | : | |

## COMPLAINT – CLASS/COLLECTIVE ACTION

Plaintiff Sadi Lemus Lemus ("Plaintiff"), on behalf of himself and similarly situated employees, brings this class/collective action lawsuit against Defendant Potamoula, Inc. (d/b/a "Oregon Diner") ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq*. Plaintiff's FLSA claim is asserted as a collective action under FLSA Section 16(b), 29 U.S.C. § 216(b), while his PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23. See Knepper v. Rite Aid Corp., 675 F.3d 249 (3d Cir. 2012) (FLSA collective actions and Rule 23 class actions may proceed together in same lawsuit). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1.    Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.    Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3.    Venue is proper under 28 U.S.C. § 1391.

**PARTIES**

4.     Plaintiff is an individual residing in Philadelphia, PA (Philadelphia County).

5.     Plaintiff is an employee covered by the FLSA and the PMWA.

6.     Defendant is a corporate entity headquartered in Philadelphia, PA (Philadelphia County).

7.     Defendant is an employer covered by the FLSA and the PMWA.

**FACTS**

8.     Defendant operates a restaurant called the Oregon Diner located at 302 West Oregon Avenue, Philadelphia, PA 19148.

9.     Plaintiff worked at the Oregon Diner as a Prep Cook from approximately October 2014 until approximately December 2015.

10.    Plaintiff was paid on an hourly basis of approximately $8.50 per hour.

11.    Plaintiff regularly worked over 40 hours per week.  In fact, Plaintiff generally was scheduled to work 67 hours per week and generally worked those scheduled hours.

12.    Defendant failed to pay Plaintiff any extra overtime premium compensation for hours worked over 40 in a workweek.  Instead, Defendant generally paid Plaintiff at his $8.50 per hour rate for all hours, including overtime hours.

13.    In addition to Plaintiff, Defendant has employed many other non-exempt employees at the Restaurant with job titles such as Prep Cook, Chef, Dishwasher, and Busboy (collectively "Restaurant Employees").

14.    Like Plaintiff, Restaurant Employees often work more than 40 hours in a workweek and have not been paid overtime premium compensation for hours worked over 40 in a workweek.

15.    As a result, Defendant has failed to compensate Plaintiff and other Restaurant Employees

15.    As a result, Defendant has failed to compensate Plaintiff and other Restaurant Employees
       overtime premium compensation for hours worked over 40 in a workweek.

16.    In failing to pay overtime premium compensation to Plaintiff and other Restaurant
       Employees for hours worked 40 in a workweek, Defendant has acted willfully and with
       reckless disregard of clearly applicable FLSA and PMWA provisions.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

17.    Plaintiff brings his FLSA claim pursuant to 29 U.S.C. §216(b) as a collective action on
       behalf of all Restaurant Employees who worked during any workweek within the past
       three years.

18.    Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other
       potential members of the collective, having worked pursuant to the common
       compensation policies described herein, are "similarly situated" as that term is defined in
       29 U.S.C. § 216(b) and the associated decisional law.

19.    Plaintiff brings his PMWA claim pursuant to Federal Rule of Civil Procedure 23 as a
       class action on behalf of all Restaurant Employees who worked during any workweek
       within the past three years.

20.    Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged
       below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

21.    The class includes over thirty individuals, all of whom are readily ascertainable based on
       Defendant's standard payroll records and are so numerous that joinder of all class
       members is impracticable.

22.    Plaintiff is a class member, his claims are typical of the claims of other class members,
       and he has no interests that are antagonistic to or in conflict with the interests of other

3

class members.

23.   Plaintiff will fairly and adequately represent the class members and their interests, and he

has retained competent and experienced counsel who will effectively represent the class

members' interests.

24.   Questions of law and fact are common to all class members, because, *inter alia,* this

action concerns Defendant's compensation policies at the Restaurant.  The legality of

these policies will be determined through the resolution of generally applicable legal

principles to a common set of facts.

25.   Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because

common questions of law and fact predominate over questions affecting only individual

class members and because a class action is superior to other available methods for the

fair and efficient adjudication of this litigation.

26.   Class action treatment is superior to the alternatives for the fair and efficient adjudication

of the controversy alleged herein.  Such treatment will permit a large number of similarly

situated persons to prosecute their common claims in a single forum simultaneously,

efficiently, and without the duplication of effort and expense that numerous individual

actions would entail.  No difficulties are likely to be encountered in the management of

this class action that would preclude its maintenance as a class action, and no superior

alternative exists for the fair and efficient adjudication of this controversy.   The

Pennsylvania Class is readily identifiable from Defendant's own employment records.

Prosecution of separate actions by individual members of the Pennsylvania Class would

create the risk of inconsistent or varying adjudications with respect to individual

Pennsylvania Class members that would establish incompatible standards of conduct for

4

Defendant.

27.   A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical.  Further, the amounts at stake for many of the Pennsylvania Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

28.   Without a class action, Defendant will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the Pennsylvania Class.  Plaintiff envisions no difficulty in the management of this action as a class action.

**COUNT I**
**(Alleging FLSA Violations)**

29.   All previous paragraphs are incorporated as though fully set forth herein.

30.   Plaintiff and the collective are employees entitled to the FLSA's protections.

31.   Defendant is an employer covered by the FLSA.

32.   The FLSA entitles employees to minimum hourly compensation of $7.25.  See 29 U.S.C. §207.

33.   The FLSA entitles employees to compensation for every hour worked in a workweek. See 29 U.S.C. §207(a)(1).

34.   The FLSA entitles employees to overtime compensation "not less than one and one-half times" their regular rate of pay for all hours worked over 40 in a workweek.  See 29 U.S.C. § 207(a)(1).

35.   Defendant violated the FLSA by failing to pay Plaintiff and the collective overtime premium compensation for all hours worked over 40 in a week.

36.   In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II
### (Alleging Violations of the PMWA)

37.    All previous paragraphs are incorporated as though fully set forth herein.

38.    Plaintiff and the class are employees entitled to the PMWA's protections.

39.    Defendant is an employer covered by the PMWA.

40.    The PMWA entitles employees to overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. See 43 P.S. § 333.104(c).

41.    Defendant violated the PMWA by failing to compensate Plaintiff and the class overtime premium compensation for all hours worked over 40 in a week.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and other members of the class/collective, seeks the following relief:

A. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Class members;

C. An order permitting this litigation to proceed as a class action pursuant to FED. R. CIV. P. 23 on behalf of the Pennsylvania Class;

D. Unpaid wages and prejudgment interest to the fullest extent permitted under federal and state law;

E. Liquidated damages to the fullest extent permitted under the FLSA;

F. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under federal and state law; and

G. Such other and further relief as this Court deems just and proper.

Date: March 31, 2016

Michael Hollander
Community Legal Services
1424 Chestnut St
Philadelphia, PA 19102
(215) 981-3700


Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

*Plaintiff's Counsel*

7