IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SADI LEMUS LEMUS, individually and on behalf of all persons similarly situated,** | CIVIL ACTION |
| **Plaintiff,** | Civil Action No.: 2:16-cv-01599-GEPK |
| v. | Judge Gene E.K. Pratter |
| **POTAMOULA, INC.,** | |
| **Defendant.** | |

**JOINT REPORT OF RULE 26 (f) MEETING
AND PROPOSED DISCOVERY PLAN**

In accordance with Federal Rule of Civil Procedure 26(f) and the Court's policies and procedures, counsel for the parties conferred on May 19, 2016 and hereby submit the following Report of their meeting for the Court's consideration:

**Claims, Defenses, and Relevant Issues (Rule 26(f)(2))**

This is a Fed. R. Civ. P. 23 class action under Pennsylvania law and a collective action pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act. Plaintiff alleges non-payment of overtime compensation by Potamoula, Inc (d.b.a. Oregon Diner) ("Defendant" or "Potamoula") on his own behalf and on behalf of similarly situated restaurant employees with the job titles of Prep Cook, Chef, Dishwasher, and Busboy (collectively, "Restaurant Employees") who performed work for Potamoula during any time between March 31, 2013 and the present. Plaintiff alleges that he and other Restaurant Employees were not paid overtime compensation for hours when they worked more than forty hours in a workweek, as required by federal and Pennsylvania state law.

Defendants deny all allegations of wrongdoing alleged here, and submit that Plaintiff along with all putative class members were properly paid all required wages and/or overtime as required by Federal and Pennsylvania wage and hour laws.

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's cause of action arises under a federal statute, the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claim because it derives from a common nucleus of operative facts. The parties do not dispute the federal jurisdiction of this Court.

The parties have met and conferred, and have discussed a framework for alternative dispute resolution ("ADR"). At this time, the Plaintiff is interested in ADR. Counsel for the Defendant will discuss the issue with his client and will update the court at the initial pretrial conference. If the parties both agree to ADR, they jointly request that the case be referred to Magistrate Judge Timothy Rice to conduct a settlement conference. The parties will exchange limited, informal discovery prior to the settlement conference so that they can engage in meaningful, good faith, and informed settlement discussions.

**Initial Disclosures (Self-Executing Discovery) (Rule 26(f)(3)(A))**

Initial Disclosures will be exchanged before June 2, 2016. The scope of Initial Disclosures will be limited to Fed. R. Civ. P. 26(a)(1).

**Fact and Expert Discovery (Rule 26(f)(3)(B))**

The parties request that discovery be conducted in phases. Initially, Plaintiff will seek discovery relevant to his anticipated motion for conditional certification under the Fair Labor Standards Act and class certification under Federal Rule of Civil Procedure 23. All such discovery will be completed on or before August 19, 2016, and Plaintiffs' conditional

certification and class certification motions will be filed on or before September 2, 2016. The parties request that all further discovery (and the setting of any further discovery deadlines) be deferred until after the Court resolves these motions.

### Electronic Discovery (Rule 26(f)(3)(C))

The parties will follow the Court's procedures to preserve electronically stored information, to avoid inadvertent privilege waivers, and to determine the form in which electronic information will be produced.

### Early Settlement or Alternative Dispute Resolution

Defendant's counsel will inform the Court at the initial pretrial conference whether Defendant also agrees to attend a settlement conference in front of Magistrate Judge Timothy Rice .

### Trial Date

The parties agree to postpone the scheduling of trial until the Court resolves Plaintiff's conditional certification and class certification motions. .

### Expedited Trial Alternative

The parties certify that they have discussed with their respective clients the Expedited Trial Alternative described in the Court's Notice To Counsel:  Scheduling and Discovery Policy. The parties do not agree to avail themselves of the Expedited Trial Alternative.

### Other Matters

None.

Dated: May 19, 2016

/s Michael Hollander
COMMUNITY LEGAL SERVICES
1424 Chestnut St
Philadelphia, PA 19102
Phone: (215) 981-3794
Fax: (215) 981-0434
mhollander@clsphila.org

MARK J. GOTTESFELD
PETER D. WINEBRAKE
WINEBRAKE & SANTILLO, LLC
Twining Office Center, Suite 211
715 Twining Road
Dresher, PA 19025
215-884-2491
Fax: 215-884-2492
mgottesfeld@winebrakelaw.com
pwinebrake@winebrakelaw.com

*Attorneys for Plaintiff and
the Proposed Class*

Respectfully submitted,

/s Ralph Smith, 3rd
Ralph R. Smith, 3rd
CAPEHART || SCATCHARD
8000 Midlantic Dr, Ste 300S
Post Office Box 5016
Mount Laurel, NJ 08054
Phone: 856-914-2079
Fax: 856-235-2786
rsmith@capehart.com
*Attorneys for Defendant*